972 F.2d 340
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael C. KESSLER; Robert Adams; Frank T. Becker;
Timothy Connelly Branning; Elmer G. Cameron; Herman L.
Charity, Jr.; Samuel Chayt; Howard F. Cogler, Jr.; Larry
M. Corum; Michael A. Chiuchiolo; Daniel M. Davis, III;
David L. Ferguson; Edward Eugene Geisler; Lee E. Goldman;
Franklin Harrison Grant; Richard E. Hall; Robert G.
Hammond; Steven Eugene Keller; Carl Layman; James H.
Lilley, Jr.; G. Wayne Livesay; Maurice M. Miller, Jr.;
Richard L. Middleton; Roger M. Neubauer; Tyde Ormand
Mowers; William John Pollack; Timothy Wayne Porter; James
D. Richard; Herbert Wayne Ridgely; Andrew T. Rusnak; John
T. Schlossnagle; Gregory Romeo Scott; Sidney H. Smith,
Jr.; William Jeffrey Spaulding; Wayne H. White; Richard
Louis Witte; Nancy Yeager; Alvin John Thomas Zumbrun, Jr.,
Plaintiffs-Appellees,
v.
HOWARD COUNTY, MD, Defendant-Appellant,
and Howard County Police Department, Defendant.
 No. 92-1098.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 3, 1992
Decided: August 21, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-89-3473-JH)
 COUNSEL: Leonard Edwin Cohen, Frank, Bernstein, Conaway & Goldman, Baltimore, Maryland, for Appellant.
 Michael Tarcissios Leibig, Zwerdling, Paul, Leibig, Kahn, Thompson & Driesen, Washington, D.C., for Appellees.
 ON BRIEF: R. Michael Smith, Frank, Bernstein, Conaway & Goldman, Baltimore, Maryland, for Appellant.
 Marci R. Weiser, Zwerdling, Paul, Leibig, Kahn, Thompson & Driesen, Washington, D.C., for Appellees.
 D.Md.
 Vacated in part and remanded.
 Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Twenty-seven police sergeants and eleven police lieutenants (the officers) employed within the Howard County, Maryland (the County), Police Department brought this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201-19 (West 1965 & Supp. 1992), claiming that the County had denied them overtime pay. The County asserted that the officers were not entitled to overtime pay because they were executive or administrative employees. Both parties moved for summary judgment. The district court, adopting without change the report and recommendation of a magistrate judge, held that the sergeants (the Sergeants) in sixteen of the disputed positions1 were entitled to overtime pay, but that none of the other officers were similarly entitled. The County appealed that portion of the order applying the FLSA overtime provisions to the Sergeants.[2] Because we conclude that determining the applicability of the FLSA overtime provisions requires more detailed factual analysis than that performed by the district court, we remand for further proceedings.
 
 
 2
 * All of the Sergeants perform a mixture of managerial, administrative, and other duties. Most supervise other police officers but spend at least part of their time on the same tasks as their subordinates. The Sergeants thus lead a hybrid existence as part supervisor and part ordinary police officer. Despite their multiple responsibilities, the Sergeants are evaluated primarily on their managerial and administrative duties. In addition, their pay scale ($32,637 to $46,116) is significantly higher than that of their subordinates ($22,900 to $34,796), although a combination of seniority and overtime pay may result in some subordinates being paid more than their supervisors.
 
 
 3
 All but one of the Sergeants perform a variety of recognized managerial tasks that include preparation of performance evaluations for supervised personnel, approval of leave requests, and recommendations for transfers and training requests. The record, however, does not reveal how much time the Sergeants spend on these and other managerial and administrative tasks. The Sergeants' duties also require them to exercise a degree of discretion, although the extent of that discretion is not clear from the record. The Sergeants all report to lieutenants, and to varying degrees this supervision limits the Sergeants' independence. Several of the Sergeants, however, operate without close supervision. An example is the Street Drugs Section Supervisor, who oversees investigations of street level drug trafficking in the County. This sergeant monitors the progress of several investigations with little supervision from his superior, the Vice and Narcotics Division Commander. For more closely supervised positions, the amount of deference given to a sergeant's judgment is unclear. The district court never explored how much time was spent on managerial and administrative duties, nor did it closely examine the degree of discretion exercised by the Sergeants.
 
 II
 
 4
 A party is entitled to summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). We review a grant of summary judgment de novo. Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).
 
 
 5
 Section 7(a)(1) of the FLSA, 29 U.S.C.A. § 207(a)(1), requires that employees be paid time and a half for work over forty hours a week. Section 13(a)(1) of the FLSA, 29 U.S.C.A. § 213(a)(1), exempts from that requirement "any employee employed in a bona fide executive, administrative, or professional capacity." The County claims that the Sergeants are either executive or administrative employees, and therefore are not entitled to overtime pay.
 
 
 6
 Department of Labor regulations defining "executive" and "administrative" capacity provide both "short tests" and "long tests" for determining whether employees are executives or administrators. 29 C.F.R. §§ 541.1 & 541.2 (1991); see Murray v. Stuckey's, Inc., 939 F.2d 614, 617 (8th Cir. 1991), cert. denied, 60 U.S.L.W. 3520 (U.S. Jan. 27, 1992). The County urges that the Sergeants are exempt under the short tests, which apply where an employee's salary exceeds $250 a week. Id. §§ 541.1(f) & 541.2(e)(2). All of the Sergeants' salaries exceed the $250 threshold.
 
 
 7
 Employees satisfy the short test for executive employment if their "primary dut[ies] consist[ ] of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein." Id. § 541.1(f) (emphasis added). Employees satisfy the short test for administrative employment if their "primary dut[ies] consist[ ] of the performance of [office or nonmanual work directly related to management policies or general business operations of their employer], which includes work requiring the exercise of discretion and independent judgment." Id. § 541.2(e)(2) (emphasis added) (incorporating language from § 541.2(a)(1)).[3]
 
 
 8
 Analysis under both the administrative and executive exemptions begins with determining whether the employee's primary duty is management or administration. The principles for determining whether an employee's "primary duty" is management are derived from 29 C.F.R. § 541.103 (1991). As a "rule of thumb," an employee works in an executive capacity if (1) over half his time is spent on managerial duties, or (2) the managerial duties performed are of special significance. Id. Among the factors to be considered in determining whether duties are of special significance are: (1) the relative importance of the managerial duties as compared with other types of duties, (2) the frequency with which the employee exercises discretionary powers, (3) the employee's relative freedom from supervision, and (4) the relationship between the employee's salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor. Id. The same analysis is used to determine whether an employee's primary duty is administration, albeit focused on administrative as opposed to managerial duties. Id.s 541.206(b). The regulations do not specify that the foregoing analysis is the sole basis for determining an employee's primary duty. Neither party, however, has provided any reason for diverging from the principles outlined in the regulations.
 
 
 9
 Under this analysis, the initial inquiry is whether the Sergeants spend over fifty percent of their time on either managerial or administrative duties. The district court never answers this question. The magistrate judge's report and recommendation recites at length the undisputed facts, but it never analyzes the evidence to determine how much time the Sergeants devote to various duties. Rather, it emphasizes that the paramilitary nature of the police department denies the Sergeants virtually all discretion. Discretion is an important factor in determining whether an employee is an executive, but it is only relevant where an employee devotes less than half his time to managerial duties and the court must determine the significance of those duties. The issue of time should be resolved before reaching the issue of discretion.
 
 
 10
 Discretion is more significant in evaluating whether an employee may be classified as an administrator because "discretion and independent judgment" are elements of the definition of an administrative duty. 29 C.F.R. § 541.2(e)(2). Even with administrators, however, sound analysis requires isolating the duties that require discretion and determining how much time is devoted to them. Furthermore, when an employee spends less than half his time on managerial or administrative duties, discretion is only one of several factors that the regulations indicate should be considered in determining an employee's primary duty. The district court appears to give dispositive weight to the amount of discretion while giving little consideration to the other factors outlined in § 541.2(e)(2).
 
 
 11
 Determining whether the Sergeants' primary duty is either management or administration requires detailed analysis of each of the factors discussed above, particularly the time spent on managerial and administrative duties. Because the district court failed to perform such detailed analysis, we are unable to determine whether summary judgment was properly granted. Accordingly, we remand for further consideration.
 
 
 12
 The district court also determined that several of the Sergeants are not executive employees because they do not head a"customarily recognized department or subdivision" of the police department as required under the Department of Labor regulations. 29 C.F.R. § 541.1(f). An employee heads a "customarily recognized department or subdivision" if he is "in charge of and ha[s] as his primary duty the management of a recognized unit which has a continuing function." 29 C.F.R. § 541.104(a) (1991). Most of the Sergeants claimed by the County to be executive employees head a unit recognized as a separate section within the department, as reflected in the department's organizational chart. The issue in dispute is whether the sections have a "continuing function."
 
 
 13
 The district court concluded that some sections have shifting and overlapping responsibilities, and thus do not have a continuing function distinct from other sections. We agree that an employee heading a unit without any functional independence is not an executive. But, just as an employee who only spends part of his time on managerial duties may nevertheless qualify as a manager, a recognized unit whose functions are only partially independent of other units may nevertheless qualify as a "recognized department or subdivision." The question is how important those independent responsibilities are within the organizational scheme of the police department. This question requires isolating the independent functions of a section and determining their importance, which the district court only did in part. This issue therefore requires further factual inquiry.
 
 
 14
 For the foregoing reasons, we vacate that portion of the district court's order granting summary judgment in favor of the Sergeants.[4] We remand to the district court to determine whether there are factual disputes regarding the Sergeants' primary duties and, if not, to assess the undisputed facts in light of the factors outlined in 29 C.F.R. § 541.103. We also direct the district court to determine the degree that the Sergeants' sections operate independently of one another and the importance of the sections' independent functions. In light of this analysis, the district court should reconsider its previous conclusion that some of the Sergeants do not head a "recognized department or subdivision."
 
 VACATED IN PART AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 The sixteen positions are: (1) Patrol Sergeant (several officers hold this position); (2) Crimes Against Persons Supervisor; (3) Child Abuse Section Supervisor; (4) Crimes Against Property Section Supervisor; (5) Vice and Narcotics Section Supervisor; (6) Street Drugs Section Supervisor; (7) Traffic Enforcement Section Supervisor; (8) Internal Affairs Division Supervisor; (9) Tactical Section Supervisor; (10) Youth Services Section and Crime Prevention Section Supervisor; (11) Warrants and Fugitive Section Supervisor; (12) Property and Evidence Section Supervisor; (13) K-9 Section Supervisor; (14) & (15) Education and Training Division Sergeants I & II; and (16) Crime Lab Section Supervisor
 
 
 [2]
 No appeal was taken regarding the other officers; therefore, that portion of the district court's order is not before the Court
 
 
 [3]
 Employees are also exempt from overtime requirements if they qualify for "combination exemptions," which combine the tests for executive, administrative, and professional employees into a hybrid set of requirements. 29 C.F.R. § 541.600 (1991). Although we do not address the applicability of these exemptions, they were considered by the district court in its opinion and should be considered, where relevant, on remand
 
 
 [4]
 The Sergeants ask that we review the district court's determination that they are salaried employees in the event that we reverse the district court's judgment. Although an appellee may urge alternative grounds for upholding the district court's judgment, including grounds expressly rejected by the district court, a party generally cannot seek to modify a district court judgment without filing a cross appeal. United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924); see generally 15A Charles A. Wright et al., Federal Practice and Procedure § 3904 (2d ed. 1992). United States v. Gooding, 695 F.2d 78, 81 n.2 (4th Cir. 1982), which the Sergeants cited to the Court at oral argument, does not modify these principles. While this Court has recognized that the judgment of a district court may be modified notwithstanding the failure to file a cross-appeal where justice so requires, we are unpersuaded that an exception is warranted in this case. Tug Raven v. Trexler, 419 F.2d 536, 548 (4th Cir. 1969), cert. denied, 398 U.S. 938 (1970)